FIDELITY TRUST & SAFETY VAULT CO. v. MOBILE ST. RY. CO.[1]

(Circuit Court, S. D. Alabama. October 22, 1892.)

**1. EQUITY—PROTECTION OF RECEIVER.**
A court will protect its receiver in the possession and use of franchises and property committed to him.

**2. SAME—STREET RAILWAYS—INJUNCTION.**
The use of five blocks of the roadbed of a street railway in the hands of a receiver by another street railway company materially impairs the just enjoyment of the property, and will be enjoined, at the instance of the receiver.

**3. CORPORATIONS—TAKING OF FRANCHISE BY ANOTHER.**
One public corporation cannot take the franchise of another, which is in use, unless expressly authorized by the legislature, and then only by regular condemnation, and cannot take it at all if this will materially affect its use.

**4. RIGHT OF WAY—DISPOSSESSION.**
A franchise for a right of way is, in its very nature, exclusive, and dispossession of any portion thereof, in actual use, is a taking of the franchise pro tanto.

**5. SAME—GRANT BY CITY IRREVOCABLE.**
The grant by a city of a right of way to a street railway company implies a contract not to reassert that right subsequently in favor of another.

**6. STREET RAILWAYS—FRANCHISE FOR HORSE CARS—FOR ELECTRICITY.**
The erection of poles and wires for an electric railway does not interfere with the operation of a horse-car railway on the same roadbed by the receiver, who does not intend to use electricity on his road.

**7. RECEIVER—PROTECTED IN RIGHTS USED.**
The court will not, at the instance of a receiver of a street railway who does not use electricity in his management, consider how its use by a competing company over five blocks of the same roadbed may affect future purchasers, should they desire to introduce that motive power.

In Equity. On petition and motion of receiver for injunction. Granted.

The Mobile Street Railway Company defaulted in the payment of interest on its bonds, and a bill was filed by the complainant above named, as trustee under the mortgage, to foreclose the mortgage and sell the property, and a receiver was appointed. During the progress of the cause the city of Mobile passed an ordinance authorizing another street railway company to lay its track partly within and partly without the rails of the Mobile Street Railway Company, for five blocks, in the business portion of the city, on Dauphin street, and run cars by electricity over this and the rest of an extensive route not otherwise conflicting. The Mobile Street Railway Company had been granted the right by the city previously to substitute electricity for mules, but had not, up to the filing of the bill in this cause, taken any steps in that direction, nor did the receiver make or contemplate any change. The competing grantee, the Mobile Electric Railway Company, proceeded to erect poles on the margins of Dauphin street with the view of availing itself of its franchise, when the receiver made this motion for an injunction.

Clark & Clark and Overall, Bestor & Gray, for receiver.
S. T. Prince and G. L. & H. T. Smith, for Mobile Electric Ry. Co.

TOULMIN, District Judge. Under the facts of this case, the court has arrived at the following conclusions:

[1]Reported by Peter J. Hamilton, Esq., of the Mobile, Ala., bar.

1. The court will protect its receiver in the possession and proper use and management of the property and privileges, and franchises pertaining thereto, committed to him.

2. And the court will extend such protection even to restraining another railroad company from proceeding to condemn, or to subject to its use, property in the possession of its receiver, by proper legal proceedings, and will more readily do so when such condemnation or use is sought or attempted to be had without any legal proceedings being taken for that purpose.

3. The acts done, or threatened and proposed to be done, to the right of way and roadbed and franchises connected with the Mobile Street Railway Company, and now possessed and exercised by the receiver, and the use proposed to be made thereof by the Mobile Electric Railway Company, will, in my opinion, materially impair the just enjoyment of the same by the said receiver.

4. One public corporation cannot take the franchises of another public corporation, in actual use by it, unless expressly authorized to do so by the legislature, and then only by proper legal proceedings of condemnation; and such taking must not materially diminish or impair the usefulness of a franchise in exercise.

5. A franchise to use land for a right of way is, in its very nature, exclusive, so that the privileges and powers granted in respect to its use may be fully exercised; and dispossession of any portion of property subject to the use of a franchise in actual use is tantamount, in its legal effect, to the taking of the franchise pro tanto.

6. The grant to the Mobile Street Railway Company, in its own nature, amounts to an extinguishment of the right of the grantors, and implies a contract not to reassert that right; and said railway company should be protected from impairment of its privileges and franchises under such grant by any attempt to appropriate or interfere with the same for the use of the Mobile Electric Railway Company; and if the use proposed to be made by the Mobile Electric Railway Company of the roadbed or track of the Mobile Street Railway Company obstructs, hinders, or embarrasses the use and usefulness of that part of the first acquired right which is in actual use by the receiver, it would be an illegal use, and should be prohibited.

7. The erection of poles and electric wires on Dauphin street by the Mobile Electric Railway Company, as proposed by it, will not interfere with the possession and operation of the railroad and its franchises on that street, as now exercised by the receiver. He does not intend to put the electric system in operation on said railroad, or to erect poles and wires for that purpose, under the privilege granted to the Mobile Street Railway Company to do so. He has no authority to do it, and, so far as I am advised, does not contemplate any action in the premises.

8. Any right that a purchaser of the Mobile Street Railway, its property, privileges, and franchises, may have to adopt the electric system for the Dauphin Street Railroad, and to erect poles and wires on said street for that purpose, cannot, in my opinion, be considered in this proceeding, or be adjudicated in the cause in which this pro-

ceeding has arisen. Whether any such purchaser will exercise the privilege so granted to the Mobile Street Railway Company can now be but a matter of speculation. The relative rights of such purchaser and the Mobile Electric Railway Company can be settled when the issue arises between them.

9. My conclusion is that an injunction should be granted, restraining the Mobile Electric Railway Company, its officers, servants, and agents, from entering with their track upon, or in any manner interfering with, the right of way and roadbed of the Dauphin Street Railroad, as now possessed, used, and operated by the receiver; and it will be so ordered.